IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRANDY LEE PARKER                                                                           PLAINTIFF

vs.                                              Civil No. 5:09-cv-05240

MICHAEL J. ASTRUE                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

  Brandy Lee Parker ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

  Plaintiff protectively filed applications for SSI and DIB on May 9, 2007. (Tr. 49, 99-106). Plaintiff alleged she was disabled due to back problems and left shoulder problems. (Tr. 130). Plaintiff alleged an onset date of July 3, 2005.[2] (Tr. 99, 102). These applications were initially

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] Plaintiff later amended this alleged onset date to April of 2007. (Tr. 19).

1

denied on July 24, 2007 and were denied again on reconsideration on September 18, 2007. (Tr. 42-45). Thereafter, Plaintiff requested an administrative hearing on her applications. (Tr. 73-75). This hearing was held on January 8, 2009 in Fayetteville, Arkansas. (Tr. 13-41). Plaintiff was present and was represented by counsel, Evelyn Brooks, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *See id.* On the date of this hearing, Plaintiff was thirty (30) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008). (Tr. 16). She also had completed high school, obtained her Associate's Degree in Applied Science, and obtained her dental assistant's license. *See id.*

On March 25, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI and DIB. (Tr. 49-58). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2009. (Tr. 51, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April of 2007, her amended alleged onset date. (Tr. 51, Finding 2). The ALJ determined Plaintiff had the following severe impairment: disorder of the back. (Tr. 51, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 53, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 53-56, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *See id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), meaning that she can occasionally lift and carry 10 pounds and frequently less than 10 pounds, can sit for six hours during an eight-hour day, and can stand and walk for two hours during an eight-hour day; however, she can only occasionally climb, balance, crawl, stoop, kneel, and crouch. The claimant has a mild limitation, meaning some slight limitation but generally able to function well, in the ability to respond appropriately to usual work situations and routine work changes.

(Tr. 53, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ found Plaintiff had no PRW. (Tr. 56, Finding 6). The ALJ also, however, evaluated other work Plaintiff could perform in the national economy, considering her age, education, work experience, and RFC. (Tr. 56, Finding 10). In making the assessment, the ALJ relied upon the testimony of the VE. (Tr. 57). Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations would be able to perform the requirements of representative occupations such as a production worker (unskilled) with 106,000 such jobs in the national economy and 1,500 such jobs in Arkansas, call out operator (unskilled) with 48,000 such jobs in the national economy and 200 such jobs in Arkansas, and charge account clerk (unskilled) with 23,000 such jobs in the national economy and 200 such jobs in Arkansas. See id. Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 3, 2005 through the date of the ALJ's decision or through March 25, 2009. (Tr. 57, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 5-6). *See* 20 C.F.R. § 404.968. On August 21, 2009, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 29, 2009, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 12, 2010.

ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7, 11. This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 7.  Specifically, Plaintiff claims the ALJ erred (1) by failing to considering her impairments in combination; (2) by failing to give proper consideration to her subjective allegations of pain and discomfort; (3) by determining she retained the RFC to perform sedentary work; and (4) by failing to fully and fairly develop the record.  *Id.* at 14-20.  In response, Defendant argues substantial evidence supports the ALJ's RFC determination, the ALJ properly developed the record, and the ALJ properly considered Plaintiff's subjective complaints of

pain. ECF No. 11 at 3-10. Because this Court finds the ALJ improperly evaluated Plaintiff's subjective complaints, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ focused almost entirely upon Plaintiff's medical records. (Tr. 53-56). Further, instead of evaluating the *Polaski* factors and noting inconsistencies between the record and Plaintiff's testimony, the ALJ stated the following:

> In making this [RFC] finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

(Tr. 53).

Indeed, the "inconsistencies" the ALJ referenced in his opinion were entirely *consistent* with Plaintiff's testimony that she was disabled. (Tr. 54). The ALJ noted that Plaintiff reported having very limited daily activities, including being unable to prepare full meals and only being able to do a little laundry and clean a few dishes. *See id.* Such testimony is entirely consistent with her claim that she is disabled. The ALJ also noted that Plaintiff still "continued to work" even though she claimed to be disabled. *See id.* However, this short-term "work" as both a dental assistant and a daycare worker were unsuccessful attempts at working, and as the ALJ himself noted, did not amount to Substantial Gainful Activity. (Tr. 51). The ALJ provided no basis for trying to penalize

Plaintiff for attempting, but being unable, to work due to her limitations.

It also appears the ALJ attempted to discount Plaintiff's subjective complaints because Plaintiff "and her husband . . . adopted a newborn." (Tr. 54). The ALJ did not, however, state how adopting this newborn detracts from Plaintiff's subjective complaints or makes them less credible. Simply because a person becomes a parent does not indicate that he or she is not disabled. Plaintiff even testified at the administrative hearing that she receives a substantial amount of assistance from her husband in performing her daily activities. (Tr. 28-29). Thus, this Court finds these stated "inconsistencies" are not sufficient to support the ALJ's *Polaski* evaluation. Accordingly, because the ALJ's lack of analysis is entirely insufficient under *Polaski*, this case must be reversed and remanded for further consideration consistent with *Polaski*.[4]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 10th day of November, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.

8